# GORDON v. MURRAY CITY

No. 6697.  Decided Sept. 8, 1944.  (151 P. 2d 193.)

See 5 C. J. S. Appeal and Error, Sec. 1571.  38 Am. Jur. 356.

*M. E. Wilson* and *Fred Finlinson,* both of Salt Lake City, for appellant.

*Glen E. Howe,* of Murray, and *Beverly S. Clendenin,* of Salt Lake City, for respondent.

WADE JUSTICE.

Plaintiff instituted an action to recover damages for the destruction by fire of the buildings and contents of his planing mill which he alleged was caused by the negligent operation of a garbage dump owned and maintained by defendant, Murray City, a municipal corporation. From a verdict and judgment of "no cause of action" plaintiff appeals.

Appellant assigns as errors the failure of the court to grant his motion for a new trial and the giving of certain instructions.

The respondent, Murray City, has for a number of years maintained a garbage dump on property which it owns and which is contiguous to appellant's property, bordering it on the east and south and running west thereof. It is located in what was formerly the slag dump of the old Horn Silver Smelter and is on a lower level than the property north and west of it. The City had deemed it advisable to level off this property and had used garbage as a fill. At the time of the fire it had succeeded in leveling its property for a distance of approximately 150 feet south of its northerly boundary line. The City caused and allowed its employees and others to dump and burn waste material, some of which was light in weight, on this property. When a wind was blowing, and it was not unusual for wind to be blowing there, it would lift burning particles of material and scatter them over the neighborhood. Appellant and others had made complaints to the City concerning the manner in which it was conducting its dump. Appellant was especially concerned because his property was con-

tiguous to this dump and his buildings were of frame construction; also from the very nature of his business it was impossible to keep it free of great quantities of shavings produced from lumber which were easily ignitible.

On the afternoon of April 4, 1942, all of the buildings, equipment and material of appellant's planing mill, except a shed in the rear of his property, were destroyed by fire.

Sometime between 1:30 and 2:00 p. m. on April 4, 1942, two ladies were driving past appellant's planing mill which is located west on 48th South Street, in Murray, Utah, when they saw a small fire in the yard east of the mill office building. Because there was a brisk wind blowing they considered this dangerous and requested a neighboring business man to notify the fire department, which he did. The fire department arrived shortly after 2:00 p. m., but before it could do much the buildings were enveloped in fire.

Murray City has a volunteer fire department. At the trial, the fire chief and his captain who attended the fire gave it as their opinion that the fire originated inside the buildings. However, the fire chief admitted on cross-examination that if he had known there was a fire on the outside of the buildings his opinion would be changed. Another disinterested witness testified that he saw a fire on the outside of appellant's property shortly before the buildings burned. He also had been driving west on 48th South Street, past appellant's planing mill, but had given no alarm because he thought it wasn't dangerous. From this evidence it would be unreasonable for a jury to find that the fire which destroyed appellant's property did not originate outside of his buildings.

It is appellant's contention that the evidence was conclusive that the fire originated on defendant's dump. The evidence as to whether or not there was any fire burning in defendant's dump on April 4, 1942, is conflicting. The evidence was uncontradicted, however, that the City permited persons other than its employees to bring their waste materials and dispose of them in the city dump. Men from a nearby C. C. C. camp were seen almost daily bringing their

trash to the dump. The defense introduced evidence that on the morning of the day of the fire, two C. C. C. boys were seen to have brought a truck load of trash, some of which appeared to be burning, to the driveway of the City's property which is east of appellant's property and then instead of proceding into the driveway and onto respondent's dump they were seen to have driven their truck west of appellant's property onto the D. & R. G. W. Ry. Company's right of way to a point on a brow of a hill which is south of appellant's and ten or twelve feet west of respondent's property lines. They were there seen dumping their load of trash and what seemed to be burning ashes on top of some logs which were there. After the C. C. C. boys or men left, some young boys arrived and fed the fire with inflammable material. These boys were seen to do this until approximately 12:00 noon. During all this time a brisk and heavy wind was blowing from the south.

About 5:30 or 6:00 o'clock, immediately after appellant's property had been destroyed by fire, the mayor, one of the commissioners and the fire chief of Murray City went to its dump to investigate and found smoldering logs on the brow of the hill where the C. C. C. boys had been seen to dump their load and about one-third of the way down the slope of the hill they saw some composition roofing or tar paper burning. It was defendant's contention that the fire which destroyed appellant's property originated from the fire on the brow of the hill which was not a part of the city dump.

The court instructed the jury that the exact boundry lines of the city's property line as between it and railroad company was immaterial, if the jury should find from the evidence that the city maintained a dump on said grounds and invited or permitted the public in general to dump and burn its waste material there. In another instruction it charged the jury that if from the evidence it was equally or more probable that the origin of the fire was at some place other than the dump maintained by the city, the defendant could not be held liable.

In view of these instructions and the evidence in this case, the jury might reasonably have found that the fire originated on the brow of the hill which was part of the D. & R. G. W. Ry. Company's right of way and that this was no part of the dumping ground maintained by the city. This being so, this court will not say that the trial court abused its discretion in failing to grant a motion for a new trial because the evidence was insufficient to sustain the verdict. Appellant has cited no cases and we have found none where a person who maintains a nuisance on his property can be held liable for damages to another person's property which did not originate on the property where the nuisance was maintained. Appellant contends that the court erred in refusing to consider the granting of the motion for a new trial because it assumed it had no discretionary power to grant such motion at the request of the plaintiff. The court will not assume from the fact that the trial judge failed to state his reasons for refusing to grant a new trial that said court erred by refusing to exercise its discretionary power to weigh the evidence. In the absence of any indication to the contrary, this court will assume that the trial court knew its powers and acted in accordance therewith.

Appellant contends that the court erred in giving its Instruction No. 12 to the jury because it is an abstract statement of the law and does not refer to any issue involved in the case and furthermore it is an incorrect statement of the law. This instruction reads:

"You are instructed that the defendant city was exercising its governmental rights and duties in establishing and maintaining a city dump for the use of its citizens and inhabitants and that the defendant may not be held liable for the maintenance of such dump unless it was established or maintained in an improper manner, that is, in such a manner as to interfere with the use or enjoyment by others of their property."

A city, in collecting and disposing of garbage, acts for the

public health and is discharging a governmental function. See McQuillen, Municipal Corporations, Vol. VIII, page 8229, Sec. 2625; *Bruce* v. *Kansas City*, 128 Kan. 13, 276 P. 284, 63 A. L. R. 325. The court therefore did not err in giving the above instruction, since the city would not have been liable even if the jury had found that the fire originated on the dump unless the city had been maintaining a nuisance.

We have carefully examined all the assignments of error made by appellant and after serious consideration find that no prejudice could result from the giving of the instructions objected to. Although not letter perfect, a jury could not reasonably be mislead and they stated the applicable law fairly.

Affirmed. Costs to respondent.

WOLFE, C. J., and McDONOUGH, and TURNER, JJ., concur.

LARSON, J., concurs in the order affirming the judgment.